CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 29 2016

JULIA C. DUDLEY, CLERK
BY: HMcDonaed
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT MCKINLEY BLANKENSHIP, ) | Civil Action No. 7:16-cv-00013 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| COMMONWEALTH OF VIRGINIA, ) | By: Hon. Jackson L. Kiser | |
| Defendant. ) | Senior United States District Judge | |

Robert McKinley Blankenship, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking $500,000 from the Commonwealth of Virginia. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, it is well established that the Commonwealth of Virginia is not a proper defendant to this action. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988); Edelman v. Jordan, 415 U.S. 651, 663 (1974). Accordingly, the complaint is dismissed without prejudice as frivolous for pursuing an indisputably meritless legal theory to recover $500,000 from the Commonwealth of Virginia via § 1983.[1]

ENTER: This 29th day of January, 2016.

*/s/ Jackson L. Kiser*
Senior United States District Judge

---

[1] I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff). I decline to construe any portion of the complaint as arising under 28 U.S.C. § 2254 because the Commonwealth of Virginia would not be a proper respondent and it's not apparent that any potential claim has been exhausted. See, e.g., 28 U.S.C. § 2254.